IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>TYLER JOHN WITTEMAN,<br><br>　　　　　　Defendants. | 8:23-CR-86<br><br><br>**PRELIMINARY ORDER OF FORFEITURE** |

　　　　This matter is before the Court on the Government's Motion for Preliminary Order of Forfeiture. Filing 516. The defendant appeared before a magistrate judge for a change of plea hearing on October 14, 2025, and pleaded guilty to Counts I and II of the Third Superseding Indictment. Filing 509 (Text Minute Entry). As explained in a prior written order, the Court determined that it could not at that time accept the defendant's guilty pleas because the defendant had not been properly advised of the maximum fine he faced by pleading guilty to Count II. Filing 546. Thereafter, on January 15, 2026, the defendant appeared before the Court. After the Court addressed the maximum fine the defendant faced on Count II, the Court determined that the defendant's pleas of guilty to Counts I and II of the Third Superseding Indictment were knowing, voluntary, and intelligent. Accordingly, the Court accepted the defendant's guilty pleas and adjudged the defendant guilty of Counts I and II of the Third Superseding Indictment.

　　　　Before the Court imposed the sentence in this case, it addressed the Government's Motion for Preliminary Order of Forfeiture on the record. As the Court's prior order explained, the Government's motion stated that "[p]ursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1), the

1

Forfeiture Allegation of the Third Superseding Indictment sought forfeiture of the property listed in Attachment A," which was attached to the motion. Filing 516 at 1. The Court noted that Attachment A differed from the Forfeiture Allegation in the Third Superseding Indictment in one very significant respect: Attachment A did not include a forfeiture money judgment seeking approximately $250,000,000.00, while the Forfeiture Allegation did. Pursuant to his plea agreement, the defendant admitted to the Forfeiture Allegation at his change of plea hearing but neither his plea agreement nor the parties' representations during the change of plea hearing indicated that the forfeiture money judgment was no longer considered part of the property to be forfeited. The Court ordered the Government to file a response explaining this discrepancy, which the Government did. Filing 549. During the sentencing hearing, the Court granted the Government's oral motion to dismiss the forfeiture money judgment from the Forfeiture Allegation. The Court then orally granted the Government's Motion for Preliminary Order of Forfeiture and authorized the Government to seize the property listed in Attachment A and in the Forfeiture Allegation, excluding the forfeiture money judgment. That property is as follows and is collectively referred to as "the Property":

  a. U.S. funds in the amount of $459,314.59 seized August 31, 2023, from City National Bank account 101388425 owned by Gerald V. Casale, Trustee of the Gerald V. Casale Trust.

  b. U.S. funds in the amount of $121,071.62 seized August 31, 2023, from City National Bank account 112559124 belonging to More Gold Records, owned by Gerald V. Casale.

  c. U.S. funds in the amount of $2,033,094.98 seized November 3, 2023, from JP morgan Chase Account, account #556772583 in the name of Closet Dorr LLC, C/O of Gina Nieto this represents the net proceeds of the sale of 428 N Las Palmas Avenue, Los Angeles.

  d. Real property located at Mendocino County, California, Parcel # 131-010-08, no address.

  e. Real property located at Mendocino County, California, Parcel # 131-030-01, 10000 S Hwy 1 Elk, California.

f.  Real property located at Mendocino County, California, Parcel # 131-030-03, 9980 S Hwy 1 Elk, California.

g.  Real property located at Mendocino County, California, Parcel # 131-030-05, no address.

h.  Real property located at Mendocino County, California, Parcel # 131-030-06, no address.

i.  Real property located at Mendocino County, California, Parcel # 131-030-08, 9961 S Hwy 1 Elk, California.

j.  Real property located at Mendocino County, California, Parcel # 131-030-23, 10001 S Hwy 1 Elk, California.

k.  Real property located at Mendocino County, California, Parcel # 131-030-24, no address.

l.  Real property located at Mendocino County, California, Parcel # 131-030-25, no address.

m.  Real property located at Mendocino County, California, Parcel # 131-030-31, no address.

n.  Real property located at Mendocino County, California, Parcel # 131-030-32, 8821 S Hwy 1 Elk, California.

o.  Real property located at Mendocino County, California, Parcel # 131-030-33, 8821 S Hwy 1 Elk, California.

p.  Real property located at Mendocino County, California, Parcel # 131-090-24, 9201 S Hwy 1 Elk, California.

q.  Real property located at Napa County, California, Parcel # 052-472-021, 51 Syar Drive, Napa, California.

r.  Real property located at Marin County, California, Parcel # 007-096-02, 259 Redwood Road, San Anselmo, California.

s.  Real property located at Marin County, California, Parcel # 100-090-07, 2125 Dillion Beach Road, Tomales, California.

t.  Real property located at Los Angeles County, California, Parcel # 5021-006-023, 816 Seward Street, Los Angeles, California.

u.  $4,698,514.00 in United States Currency.

3

v. $630,680.00 in United States Currency.

w. $205,358.00 in Funds Seized from Rago Wright Account.

x. KAWS "Close the Door Behind You" Painting.

y. Andy Warhol Apple Painting.

z. Rolex Daytona Chronograph Watch.

aa. Platinum and Diamond 3 Stone Ring.

bb. Art Smith Modernist Brass Necklace.

cc. Art Smith Modernist Brass and Copper Cuff Bracelet.

dd. Set of East Indian Laurel Wood Dining Chairs.

ee. East Indian Laurel Wood Dining Table.

ff. George Nakashima American Black Walnut Coffee Table.

gg. Pair of Mira Nakashima Grajalas Nightstands.

hh. Arthur Espenet Carpenter II Cabinets.

ii. Arthur Espenet Carpenter II Headboard.

jj. Arthur Espenet Carpenter II Mushroom Chest.

kk. Jean Prouvé Sideboard.

ll. JD Blunk Redword Sculpture.

mm. Isamu Noguchi Messenger 2B Bronze Plate.

nn. Perre Jeanneret Teak and Enameled Steel Stools.

oo. Costa Rican Ceremonial Volcanic Stone Metate.

pp. Axel Einar Hjorth Uto Coffee Table.

qq. Blue Nazca Textile.

rr. Isamu Nogushi "Rudder" stool.

ss. Arthur Espenet Carpenter II Bookshelf Cabinets.

4

tt.  Massim Lime Spatula.

uu. Olmec Stone Figure.

Filing 375 at 4–7; Filing 516-1. The Court also explained on the record that it would enter a written order memorializing the Court's oral Preliminary Order of Forfeiture and that such order would set forth additional requirements that the Government must comply with before the Court will enter a Final Order of Forfeiture. This order now does so.

The Court has reviewed the record in this case, and being duly advised in the premises, finds as follows:

1. On October 14, 2025, the Court held a change of plea hearing for the defendant and the defendant entered a plea of guilty to Counts I and II of the Third Superseding Indictment and agreed to the Forfeiture Allegation in the Third Superseding Indictment. Filing 509; Filing 515. The magistrate judge submitted a Findings and Recommendation to the undersigned on October 14, 2025, recommending that the undersigned accept the defendant's pleas of guilty. Filing 511. The Court issued a written order explaining why it would hold this matter in abeyance. Filing 546. On January 15, 2026, the defendant appeared before the Court, the Court accepted the defendant's pleas of guilty to Counts I and II of the Third Superseding Indictment, and the Court adjudged the defendant guilty of those counts.

2. Count I of the Third Superseding Indictment charged the defendant with violating 21 U.S.C. § 846.

3. Count II of the Third Superseding Indictment charged the defendant with violating 18 U.S.C. § 1956(a)(1)(B)(i).

4. The Third Superseding Indictment also included a Forfeiture Allegation. On January 15, 2026, the Government moved to dismiss the forfeiture money judgment alleged at item vv. of the

Forfeiture Allegation. The Court granted the Government's motion and authorized the Government to seize the remaining Property listed at items a. through uu. of the Forfeiture Allegation, as further reflected in Attachment A to the Motion for Preliminary Order of Forfeiture.

5. By virtue of the defendant's guilty pleas, the defendant has forfeited his interest in the Property. Accordingly, the Government should be entitled to possession of the Property pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

6. The Government's Motion for Preliminary Order of Forfeiture should be granted. Accordingly,

IT IS ORDERED:

1. The Government's Motion for Preliminary Order of Forfeiture, Filing 516, is granted.

2. Based upon the pleas of guilty, the Government is hereby authorized to seize the Property listed in Attachment A of the Motion for Preliminary Order of Forfeiture.

3. The defendant's interest in the Property is hereby forfeited to the Government for disposition in accordance with the law.

4. The Property is to be held by the Government in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), the Government shall publish for at least thirty consecutive days on an official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture, notice of publication evidencing the Government's intent to dispose of the subject property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the subject Property must file a Petition with the Court within thirty days of final publication of notice or of receipt of actual notice, whichever is earlier.

6. The published notice shall state that the Petition referred to in Paragraph 5, above, shall be for a hearing to adjudicate the validity of the Petitioner's interest in the Property, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title, or interest in the Property and any additional facts supporting the Petitioner's claim and the relief sought.

7. The Government may also, to the extent practicable, provide direct written notice to any person known to have an interest in the Property as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Dated this 16th day of January, 2026.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge